J-S51030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

ANGEL L. AYALA OTERO

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2179 MDA 2013

Appeal from the Order Entered November 21, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003255-2004
CP-22-CR-0003274-2004
CP-22-CR-0003275-2004

BEFORE: BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 24, 2014**

Angel L. Ayala Otero appeals *pro se* from the order entered on November 21, 2013, in the Court of Common Pleas of Dauphin County, that dismissed, as untimely, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Based upon the following, we affirm.

The PCRA court has aptly summarized the background of this case, and therefore we set forth only the facts necessary to the disposition of this appeal. **See** PCRA Court Pa.R.A.P. 1925(a) Opinion, 1/23/2014, at 1–4. Review of the record shows Otero entered three guilty pleas to three counts of robbery at three docket numbers and, on January 6, 2005, was sentenced to an aggregate term of imprisonment of 26 to 52 years. No post-sentence

motion or direct appeal was filed.  On July 5, 2005, Otero filed a *pro se* PCRA petition, and counsel was appointed for Otero.  The PCRA court held an evidentiary hearing on November 10, 2005, and dismissed Otero's petition on November 15, 2005.  On appeal, this Court affirmed the PCRA court's decision and the Pennsylvania Supreme Court denied allowance of appeal.  **Commonwealth v. Otero**, 905 A.2d 1038 (Pa. Super. 2006), *appeal denied*, 912 A.2d 836 (Pa. 2006).

Otero filed this second *pro se* PCRA petition on April 25, 2013, and an amended petition on August 16, 2013.  After providing Otero with Pa.R.Crim.P. 907 notice of intent to dismiss due to untimeliness,[1] and receiving Otero's response, the court dismissed the petition on November 21, 2013.  This appeal followed.[2]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2014) (quotations and citation omitted), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014). "The PCRA

---

[1] **See** PCRA Court Memorandum and Order, 9/19/2013.

[2] The docket reflects that on December 23, 2013, the PCRA court issued an order for Otero to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. On January 10, 2014, Otero timely filed a concise statement, which referenced, but did not specifically set forth, the eight issues he raised in his PCRA petition, and the four issues included in his amended petition. **See** Otero's Concise Statement, 1/10/2014.

timeliness requirement, however, is mandatory and jurisdictional in nature."

***Id.*** (citation omitted).

All PCRA petitions must be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges, and the petitioner proves, that one of the three enumerated exceptions to the time for filing requirement is met. ***See*** 42 Pa.C.S. § 9545(b)(1).[3] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

Here, Otero's judgment of sentence became final on February 7, 2005, after expiration of the 30-day period during which Otero could have filed a direct appeal from the judgment of sentence.[4] ***See*** Pa.R.A.P. 903(a). Therefore, Otero's present petition was filed more than eight years after his judgment became final. Our review confirms the PCRA court's conclusion that "[Otero's] petition failed to invoke any exception to the one year filing

_____

[3] The PCRA exceptions that allow for review of an untimely petition are as follows: (1) governmental interference; (2) the discovery of previously unknown facts; and (3) a newly-recognized constitutional right. ***See*** 42 Pa.C.S. § 9545 (b)(1)(i)-(iii).

[4] ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of any [statutory] period [of time] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

requirement as Otero's petition argued the assistance of counsel was ineffective and that this Court abused its discretion in its imposition of the sentence." PCRA Court Opinion, *supra*, at 5–6. As Otero has neither pleaded or proved any of the PCRA's statutory exceptions to the one year time limit, the PCRA court lacked jurisdiction to review the petition.[5] Accordingly, we conclude the PCRA court properly dismissed Otero's second petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2014

---

[5] Otero did not address the issue of the timeliness of his second PCRA petition, either in his petition, amended petition, response to the PCRA court's Rule 907 notice, concise statement, or appellate brief.